# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **JAMES LASKA,** Plaintiff, v. **KELLEY MANUFACTURING CO. d/b/a KMC MANUFACTURING COMPANY,** Defendant. | Civil Action No. 7:17-CV-212 (HL) |

## ORDER

Before the Court is Plaintiff James Laska's Motion for Reconsideration (Doc. 39) of the Court's September 26, 2019, Order (Doc. 37) granting Defendant Kelley Manufacturing Co. d/b/a KMC Manufacturing Company's Motion for Summary Judgment (Doc. 28). For the following reasons, the Court **DENIES** Plaintiff's motion.

Local Rule 7.6 warns litigants that "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. A motion for reconsideration is appropriate when the moving party can show: "(1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice." Bryant v. Carter, No. 5:09-CV-281 (HL), 2010 WL

2640600, at *1 (M.D. Ga. June 29, 2010) (quoting Pennamon v. United Bank, No. 5:09-CV-169 (CAR), 2009 WL 2355816, at *1 (M.D. Ga. July 28, 2009)). "[A] motion for reconsideration does not provide an opportunity to simply reargue an issue the Court has once determined. Court opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Wallace v. Ga. Dep't of Trans., No. 7:04-CV-78 (HL), 2006 WL 1582409, at *2 (M.D. Ga. June 6, 2006) (quoting Am. Ass'n of People with Disabilities v. Hood, 278 F. Supp 2d. 1337, 1340 (M.D. Fla. 2003)).

Plaintiff suggests that the Court erred on two accounts. First, Plaintiff contends that there is a question of fact concerning whether Plaintiff's belief that Lanier Carson engaged in discriminatory conduct was objectively reasonable. Second, Plaintiff argues that the Court's application of the "manager rule" is an "unprecedented and unwarranted extension" of the rule. (Doc. 39, p. 3). However, Plaintiff has not demonstrated that the law governing these issues has changed, that new evidence has been discovered, or that the Court made a clear error of law. Rather, Plaintiff seeks only an opportunity to relitigate issues previously resolved by the Court.

Finding no basis to alter its prior rulings, the Court **DENIES** Plaintiff's Motion for Reconsideration.

**SO ORDERED**, this the 22nd day of November, 2019.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks